THE STATE, ROBERT E. HAND, PROSECUTOR, v. WILLIAM G. HOWELL.

1. To hold an officer liable to a landlord under section 4 of *Gen. Stat., p.* 1915, for sale on the demised premises or removal therefrom of the tenant's chattels taken in execution, without paying rent then due, proof that he had notice that rent was due is necessary ; but such notice need not be in writing.

2. Failure to reply to a letter not sent in course of correspondence is not to be taken as an admission of the truth of its contents. Letters are not, in this respect, on the plane of oral declarations received in silence. Such an unanswered letter is not competent evidence against one to whom it is sent, except to prove notice or demand.

On *certiorari* to Mercer Pleas, removing judgment rendered on appeal from a District Court.

Hand was sheriff of the county of Cape May, and as such, at the suit of Hubbard & Company, took in execution the goods and chattels of one Elliott, a tenant of Howell, and, on May 24th, 1894, on the demised premises, sold the same. On June 8th, 1894, he paid to the plaintiffs in execution the proceeds of such sale. Howell sued for eight months' rent due at the time of the same. At the trial Howell testified that on May 23d, 1894, he posted, prepaid, at Morrisville, Pennsylvania, a letter directed to the sheriff of Cape May county, Cape May Court House, New Jersey, containing notice of his

claim for rent; that on the envelope was printed his business card and a request for a return of the letter if not delivered within five days and that the letter had never been returned. He further testified that on the same day he sent to the same address a telegram of like purport. Hand testified that he had never received either the letter or the telegram. Elliott testified that on the day of the sale the sheriff asked him if there was rent due and that he replied that there was. Hand testified that Elliott told him that no rent was due, and further, that he had no knowledge or information, when he paid over the proceeds of sale, that any rent was due.

Howell had judgment on verdict, which Hand now attacks as erroneous for various reasons.

The following only need be considered:

1. The court charged the jury that Howell was entitled to a verdict if Hand, before paying over the proceeds of execution, received notice in any way that the rent was due.

2. The court refused to charge, as requested in behalf of Hand, as follows: " The mailing of a letter, directed and properly superscribed with the defendant's proper address, raises only a presumption that it was received; and the defendant's positive denial that any such letter was received rebuts the presumption, and disproves, therefore, its receipt."

3. The court admitted in evidence proof of the contents of a letter from Howell to Hand written and received December 22d, 1894, as follows: " When may I expect a settlement of my claim in the Elliott matter in which notice was served on you in May last?" to which letter Hand sent no response.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Barton & Dawes.*

For the defendant, *Carroll Robbins.*

The opinion of the court was delivered by

COLLINS, J. Liability of the sheriff in this case must rest on the "Act concerning landlords and tenants." *Gen. Stat., p.*

1915. Section 4 of that act is the descendant of the statute of 8 *Anne*, *c.* 14, which forbade the removal from leased premises of the tenant's goods taken in execution, unless rent to the time of the levy (but not exceeding for one year) should be first paid. Our act carries the claim for rent down to the time of removal, and extends to other process. If a sheriff or other officer ignores this statute he is liable for such rent; but in order to hold him it is necessary that he shall have notice that rent is due. The English courts hold that such notice may be given after removal, so long as the goods or the proceeds of sale remain in the officer's hands (*Arnitt* v. *Garnett*, 3 *Barn. & Ald.* 440; *Wats. Sher.* 193); but in this state it was held that the notice must be before removal. *Ayres* v. *Johnson*, 2 *Halst.* 119; *Peacock* v. *Hammitt*, 3 *Gr.* 165. In *Ryerson* v. *Quackenbush*, 2 *Dutcher* 236, it was decided that the Distress act was to be considered as *in pari materia* with the other statute, and this court construed a sale by the officer, upon the demised premises, to be a removal within the terms of the law. The charge of the court in this case, therefore, on the subject of notice, was not correct; but it did the prosecutor no harm, as the only notice of which competent proof was offered was before or at the sale. The point of objection to the charge was not that it permitted notice up to time of payment, but because it was not limited to a notice in writing. Section 5 of the act does require notice in writing, but that section, enacted after *Ayres* v. *Johnson*, *supra*, and doubtless because of that decision, is only applicable to cases where there has been an actual removal by the officer from the demised premises of a tenant's goods before sale, and before notice of rent due. The notice, under section 5, must be given within ten days after such removal. Under the statute of Anne and section 4 of our act, formal notice is not necessary. In one case the Court of King's Bench held that notice might be inferred from the sheriff's conduct. *Andrews* v. *Dixon*, 3 *Barn. & Ald.* 645. Credible information, sufficient to put the officer on inquiry, seems to be all that is requisite. *Tayl. Land. & T.*, § 598. I would not reverse on the first ground of objection.

The second is more serious. In *McCourry* v. *Suydam*, 5 *Halst.* 245, error was assigned for ordering on a trial in a Court of Common Pleas against the defendant's objection and exception. The court reversed the judgment on other grounds, holding that the ordering on of a trial was not subject to review; but it was thought important that an opinion on the subject should be expressed. It appeared that when the case was moved in the Pleas there was read an affidavit of the posting in due season, by plaintiff's attorney to defendant's attorney, of a letter containing notice of trial. There was then read an affidavit of the defendant's attorney that he had not received the letter or any notice of trial in the cause. The court ordered the trial to come on, and in this court it was said by Chief Justice Ewing: " In making this order the court erred. The plaintiffs were not entitled to bring on the trial. Proof of placing in the post-office a letter containing a notice of trial, directed to the defendant's attorney residing in a post town, in due season to be received the legal period prior to the day of trial, would, if made in the presence of the defendant's attorney, and until repelled, raise a presumption and stand for proof of the service of notice. The affidavit of the defendant's attorney that he had not received the notice, entirely destroyed the presumption and left the plaintiffs without any proof of service. It only raises a presumption of service which is neutralized and destroyed by another, to the contrary, of equal weight; and such other is found in the affidavit of the defendant's attorney. The plaintiff, in transmitting his notice by mail, takes on himself the entire risk of delay or miscarriage, and cannot require the defendant to bear the slightest portion of it. *Qui sentit commodum sentire debet et onus.*"

Of course, if there is such a presumption as is assumed, it is one of fact for the jury, and both the presumption and the evidence to repel it stand, as does all evidence, subject to credibility and other incidents. We do not decide that it was error to refuse the request as framed; but, as there must be a new trial in this case, we think it wise to call attention to the

foregoing deliverance in this court. It has not been criticised in any later decision.

The third ground of objection is well taken. The letter of December 22d, 1894, could have had no relevancy in the case except to work an implied admission of notice, in May, of the claim for rent. It was not legal evidence. Oral declarations made to one sought to be charged thereby may in some cases be considered as admitted by silence, but the rule is otherwise as to letters. The recipient is not called on to reply or be considered as admitting what is written. The following decisions are in point, and we have been referred to no case holding otherwise : *Fairlie* v. *Denton*, 3 *Car. & P.* 103 ; *Richards* v. *Frankum*, 9 *Id.* 221 ; *Draper* v. *Crofts*, 15 *Mees. & W.* 166 ; *Gaskill* v. *Skene*, 14 *Q. B.* 664 ; *Canadian Bank* v. *Coumbe*, 47 *Mich.* 358, 365 ; *Bank of British North America* v. *Delafield*, 126 *N. Y.* 410, and earlier New York cases therein cited ; *Hill* v. *Pratt*, 29 *Vt.* 119. An unanswered letter, not received in the course of a correspondence, is not evidence at all against the recipient, except to prove notice or demand. It was argued in this case that the letter of December 22d, 1894, might stand on this footing, it being claimed that when it was offered, the date of paying over the proceeds of execution had not been proved. This we think immaterial, and we do not so read the state of the case. It is expressly stated, as one ground of objection to the letter, that it was written after the money had been paid.

The judgment of the Common Pleas is reversed, that a *venire de novo* may be awarded. Costs will abide the event.