### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

### OF THE

# STATE OF NEW JERSEY

### JUNE TERM, 1913.

---

WILLIAM FRITZ, PLAINTIFF-RESPONDENT, v. PENNSYL-
VANIA FIRE INSURANCE COMPANY, DEFENDANT-
APPELLANT.

Argued March 7, 1913—Decided November 17, 1913.

1. An insurance policy contained the following clause: "This
policy shall be canceled at any time at the request of the
insured; or by the company by giving five days' notice of such
cancellation." A written notice of cancellation given under
the clause, examined, and *held* to be sufficient in form.

2. Notice of the cancellation of an insurance policy enclosed in
a postpaid registered envelope addressed to the insured and
received but unopened by him, bearing upon its face the card
of an insurance company *other* than the one in which the
insured held a policy, although having upon it the name of
the same agents as those of the company in which he was
insured. was not in and of itself notice of cancellation.

3. Assuming, without conceding, that if the envelope had con-
tained the card of the company in which he was insured, the
addressee, upon its receipt, would have been put upon inquiry,
so that he would have refrained from opening the envelope only
at the peril of being charged with knowledge of *its* contents,
nevertheless, as it appeared upon its face to be a communica-
tion from a concern with which he had no business, he was

171

not obliged to open it, and, in the absence of actual knowledge of its contents, was not bound by the notice which it contained.

On appeal from the Supreme Court.

For the defendant-appellant, *William K. Flanagan* (*Lindabury, Depue & Faulks* on the brief).

For the plaintiff-respondent, *Thomas P. Fay*.

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This was an action upon a policy of insurance issued by the defendant company to the plaintiff, October 21st, 1909, covering a frame building occupied as a barn at Long Branch, running for the term of three years from November 15th, 1909. It was actually delivered to the plaintiff by the company's agent on October 21st, 1909. On May 11th, 1911, the building covered by the policy was destroyed by fire which occasioned a total loss. The plaintiff gave notice to the insurance company by letter the next day and on the following day received from the company's agent a letter acknowledging the receipt of his (plaintiff's) letter, notifying it of the fire, and stating that it did not carry any insurance on his stable. The plaintiff afterwards sent the company the usual proofs of loss.

The one question argued upon this appeal was as to whether or not the policy had been canceled before the fire, and that, in turn, involved the question whether the plaintiff had received from the company a *notice* of cancellation. The facts were these: On December 22d, 1909, the defendant caused to be mailed a notice of the cancellation of the policy in a postpaid registered envelope addressed to the plaintiff. It was received by the plaintiff on December 24th, 1909, and receipted for by him. The envelope in which it was contained had upon it the card of the "Springfield Fire & Marine Insurance Company of Massachusetts. Emanuel & Co., Agents, Post Office Building, Long Branch, N. J." This

gave no hint or token to Mr. Fritz that the letter contained anything of interest to him. It would have been somewhat different at least had the envelope contained the card of the "Pennsylvania Fire Insurance Company of Philadelphia," the company in which he held a policy. Emanuel & Company were agents for both concerns. Had the envelope contained the card of the company in which Mr. Fritz was insured he would quite naturally have concluded that the contents of the envelope bore some relation to his policy, and it may well be that that fact would have put him upon inquiry, so that he would have refrained from opening the envelope only at the peril of being charged with knowledge of its contents, but, on the contrary, he may well have concluded that the envelope which he received contained a solicitation for further or other insurance in another company, and like many another man might have refrained from opening, or have destroyed, the missive, thinking it to be some soliciting or advertising scheme in which he was not interested.

The letter in question, with two others, was received by the plaintiff at his butcher shop and carried home by him and laid upon the ice chest unopened and was afterwards thrown in an unused ice chest with other papers where it remained until after the fire, when the plaintiff's daughter discovered it and the plaintiff opened it and read the notice from the insurance company.

The policy contained a clause authorizing cancellation; so much of which as is pertinent, reads as follows: "This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation."

The notice of cancellation mailed to the plaintiff started out by saying that the company through its agent "herewith gives five days' formal notice of its intention to cancel" the policy, shortly describing it, and follows that with the assertion that liability will absolutely cease at noon December 28th, 1909. The point is made that the plaintiff did not receive five days' notice of cancellation, because the notice, although dated six days before the date mentioned for taking

effect, was only received by the plaintiff on December 24th, or four · days previous—that is, the envelope containing it was then received.

The notice was sufficient in form. Like the notice in *Van Valkenburg* v. · *Lenox*, 51 *N. Y.* 465, referred to in the opinion of Mr. Justice Depue in *Lattan* v. *Royal Insurance Co.*, 16 *Vroom* 453 (at *p.* 458), it was somewhat equivocal in its terms, but like that in the latter case (Lattan *v.* Royal Insurance Co.), was unequivocal in its import. It stated that cancellation would take place on a certain date, and, while cancellation might not have gone into effect that day, by reason of belated notice, nevertheless, it would become effective five days after actual notice received by the plaintiff, for it informed him in plain terms that the company gave five days' formal notice of its intention to cancel the policy. If, therefore, the notice was served less than five days before the date mentioned, it became efficacious in five days after service—that is, after notice brought home to the plaintiff. As was said by this court, in *Davidson* v. *German Insurance Co.*, 45 *Id.* 487 (at *p.* 491) :

"The notice is not required to be in writing. It may be verbal or oral. No particular form of notice is prescribed. It is only necessary that the company positively, distinctly and unequivocally indicate to the insured that it is its intention that the policy shall cease to be binding as such upon the expiration of five days from the time when this intention is made known to the insured. And it does not matter whether this information, is conveyed by the use of the words 'your policy will be canceled in five days' or 'your policy is already canceled.' "

The question, therefore, reduces itself to the single one of notice or no notice.

In *Hand* v. *Howell*, 32 *Vroom* 142, the question was one of notice to a sheriff who had levied upon chattels, that rent was due for the premises on which they were taken in execution. Notice was said to have been given in a letter addressed and mailed to the sheriff. Said Mr. Justice Collins, speaking for the Supreme Court (at *p.* 146) :

"Oral declarations made to one sought to be charged thereby may, in some cases, be considered as admitted by silence, but the rule is otherwise as to letters. The recipient is not called on to reply or be considered as admitting what is written. The following decisions are in point, and we have been referred to no case holding otherwise: *Fairlie* v. *Denton,* 3 *Car. & P.* 103; *Richards* v. *Frankum,* 9 *Id.* 221; *Draper* v. *Crofts,* 15 *Mees. & W.* 166; *Gaskill* v. *Skene,* 14 *Q. B.* 664; *Canadian Bank* v. *Coumbe,* 47 *Mich.* 358, 365; *Bank of British North America* v. *Delafield,* 126 *N. Y.* 410, and earlier New York cases therein cited; *Hill* v. *Pratt,* 29 *Vt.* 199. An unanswered letter, not received in the course of a correspondence, is not evidence at all against the recipient, except to prove notice or demand."

This case (Hand *v.* Howell) was affirmed in this court, for the reasons given by the Supreme Court in its opinion. *Hand* v. *Howell,* 32 *Vroom* 694.

It is here argued that as the notice was actually received by the plaintiff in the envelope addressed to him he had notice, although he did not open the envelope. We do not so consider. True, what was said in Hand *v.* Howell was the equivalent of this: "An unanswered letter is not evidence at all against the recipient except to prove notice or demand." But that observation must be read in connection with what precedes it, namely, a holding that the recipient is not called on to reply to or be considered as admitting, what is written to him. An examination of the cases referred to in Hand *v.* Howell will show that the letters in controversy in those causes were received and examined by the recipients, or presumably so, for lack of controversy on that point. One case concerned the non-answering of certain affidavits made against the party. Now, in all of these cases where there was a notice given or demand made upon the party, or both, the holding was that the letters (having been received and examined, as stated) were competent evidence of notice or demand in the particular case, but that the rest of the matters contained in the letters were not evidence in favor of the parties writing them.

In the case at bar, the stipulation in the policy was that the insurer could cancel it by giving five days' notice to the insured, without any provision for constructive notice. Notice, therefore, to be efficacious to cancel the policy, must have been brought home to the insured—that is, brought to his personal attention, or, at least such a situation must have been brought about as to have put. the insured upon inquiry, which, had it been made, admittedly would have resulted in actual notice to him.

As the record before us discloses neither actual notice nor such circumstances as reasonably tended to put the plaintiff on inquiry which would have led to notice, the judgment of the court below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, JJ. 10.

*For reversal*—SWAYZE, PARKER, VOORHEES, CONGDON, HEPPENHEIMER, JJ. 5.