VAROMA CORPORATION v. PARLIN, Trustee in Bankruptcy.

No. 5947.

Circuit Court of Appeals, Third Circuit.

June 5, 1936.

Boyle & Archer and Frederick P. Greiner, all of Camden, N. J., for appellant.

Robert J. Tait Paul, of Camden, N. J., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey. The Non-Pareil Die Corporation, a tenant of the appellant, filed a voluntary petition in bankruptcy on February 5, 1935, and was adjudicated a bankrupt on the same day. At this time the bankrupt owed the appellant for more than one year's rent. On February 6, 1935, the appellant levied a distraint upon the goods and chattels of the bankrupt. On February 27, 1935, the appellee was appointed trustee in bankruptcy. The appellee had been present during the distraint and had assisted in taking inventory. On March 5, 1935, the appellant filed two proofs of claim with the referee alleging a priority claim for one year's rent and an unsecured claim for the excess. On May 24, 1935, the assets of the bankrupt, except for the trustee's accounts receivable, were sold in bulk at public sale. The sale was confirmed on May 27, 1935. An officer of the appellant verbally discussed the appellant's rent claim with the appellee after his appointment as trustee. No written notice of the claim was ever given to the appellee as trustee of the bankrupt. The appellant did not assert its claim to priority either at the meeting of creditors or at the public sale of the assets. The referee denied the priority claim, and the District Court affirmed on authority of its prior decision in Re Conrad Kiel & Son, 7 F.Supp. 922.

The Bankruptcy Act § 64, as amended (11 U.S.C.A. § 104), allows preference over general creditors to those creditors who are entitled to priority by the laws of the states or the United States. The Landlord and Tenant Act of New Jersey (3 Comp.St.1910, pp. 3066, 3067, §§ 4, 5) gives a landlord priority for one year's unpaid rent. Section 4 of the statute provides: "That no goods or chattels whatsoever, ly-

ing or being, or which shall ·lie or be in or upon any messuage, lands or tenements, which are, or shall be leased for term of life· or lives, year or years, at will or otherwise, shall be liable to be taken, by virtue of any execution, attachment or other process, unless the party at whose suit the said execution or other process is sued out, shall, before the removal of such goods from off the said premises, by virtue of such process, pay to the landlord of the said premises, or his bailiff, all rent due for the said premises, at the time of the taking such goods or chattels by virtue of such process, or which shall have accrued up to the day of the removal of the goods from off the said premises, whether by the terms of lease the day of payment shall have come or not, making a rebate of interest on the sum, the time of payment of which, by the terms of the lease shall not have come; provided, the said arrears of rent do not amount to more than one year's rent; and in case the said arrears shall exceed one year's rent, then the said party at whose suit such process is sued out, paying the said landlord or his bailiff one year's rent, may proceed to execute his process, as he might have done before the making of this act; and the sheriff or other officer is hereby empowered and required to levy and pay to the plaintiff, as well the money so paid for rent as the money to be made by virtue of such process."

Section 5 of the statute provides: "That if any goods and chattels lying or being, or, which shall lie or be in or upon any messuages, lands or tenements which are or shall be leased for term of life or lives, year or years, at will or otherwise, shall be taken by virtue of any execution, attachment or other process, and removed off said premises, the same shall not be sold by the sheriff or other officer so taking and removing the same until ten days after such removal, and then not unless the plaintiff or party at whose suit such goods or chattels are taken as aforesaid, shall, before the sale thereof, pay to the landlord of the said premises, or his or her bailiff, all rent due for the said premises, or which shall have accrued at the time of said sale, whether by the terms of lease the day of payment shall have come or not, making a rebate of interest on the sum the time of payment of which shall not have come; provided, the same do not exceed one year's rent; and in case the said arrears shall exceed one year's rent, then the said party at whose suit execution or other process is sued out paying the said landlord, or his or her bailiff one year's rent, may proceed to execute his process as he might have done before the passing of this act; provided, the landlord or his bailiff shall, before the expiration of the said ten days from the time of said removal, give notice to the sheriff or other officer holding such execution, or other process, of the amount of the rent in arrear, and claim the same; which notice may be served by delivering the same to said officer, or leaving a copy thereof at his. usual place of abode."

Sections 4 and 5 differ as to the notice requirement. Section 4 is applicable when the goods have not been removed. In that event verbal notice is sufficient. Section 5 applies where the goods have been actually or constructively removed. In that event written notice, prior to sale, must be given. Hand v. Howell, 61 N.J.Law, 142, 38 A. 748. The proviso in section 5 of the act requires the giving of notice by the landlord to the "sheriff or other officer holding such execution, or other process, of the amount of the rent in arrear." The burden of proving the right to priority is upon the landlord, and that burden is met only upon affirmative proof that notice of the priority claim was given to the appropriate officer. In the instant case the appropriate officer to whom notice should have been given by the terms of the statute was the trustee in bankruptcy. The fact that the trustee knew of the claim for rent did not relieve the appellant of the duty of affirmative compliance with the requirements of the statute. In our opinion a claim to priority under the state statute is conditioned upon strict adherence to its terms.

The order of the District Court is affirmed.