OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \*

QUESTION PROPOUNDED BY THE HOUSE IN AN ORDER
PASSED MAY 3, 1951, ANSWERED MAY 8, 1951

HOUSE ORDER PROPOUNDING QUESTION

STATE OF MAINE

In House, April 24, 1951

**Whereas,** under Section 14 of Article IV, part third, of the Constitution of Maine, it is provided:

"Corporations shall be formed under general laws, and shall not be created by special acts of the legislature, except for municipal purposes, and in cases where the objects of the corporation can not otherwise be attained; and, however formed, they shall forever be subject to the general laws of the State."

**Whereas,** Section 8 of Chapter 49 of Revised Statutes of Maine, 1944 provides:

"Three or more persons may associate themselves together by written articles of agreement, for the purpose of forming a corporation \* \* \* to carry on any lawful business anywhere, including corporations for manufacturing, mechanical, mining or quarrying business; \* \* \* and excepting corporations for banking, insurance, the ownership, maintenance, or operation of a cemetery or cemeteries, the construction and operation of railroads or aiding the construction thereof, and the business of savings

banks, trust companies, loan and building associations, or corporations intended to derive profit from the loan of money except as a reasonable incident to the transaction of other corporate business or where necessary to prevent corporation funds from being unproductive," etc.

**Whereas,** Section 3 of Chapter 55 of the Revised Statutes of Maine, 1944 provides:

"No person, co-partnership, association or corporation shall do a banking business unless duly authorized under the laws of this state or of the United States, except as provided by Section 4. The soliciting, receiving, or accepting of money or its equivalent on deposit as a regular business by any person, co-partnership, association, or corporation, or a corporation intended to derive profit from the loan of money except as a reasonable incident to the transaction of other corporate business or when necessary to prevent corporate funds from being unproductive, shall be deemed to be doing a banking business, whether such deposit is made subject to check or is evidenced by a certificate of deposit, a pass-book, a note, a receipt, or other writing" etc.

**Whereas,** Chapter 55 of the Revised Statutes of Maine, 1944, provides in Sections 19, 86, 142 and 181 thereof for the incorporating of trust companies, savings banks, loan and building associations and industrial banks.

**Whereas,** there is now pending before the 95th Legislature of this State a special act entitled Bill, "An Act to Incorporate the Guardian Finance Co.", Legislative Document No. 383, a copy of which is hereto attached and made a part hereof.

**Whereas,** it is important that the Legislature be informed as to the Constitutional validity of the said special act entitled Bill, "An Act to Incorporate the Guardian Finance Co.", Legislative Document No. 383, now pending.

**Whereas,** it appears to the House of Representatives of the said 95th Legislature that the following is an important question of law, and the occasion a solemn one;

**Now, therefore,** be it

**Ordered,** That the Justices of the Supreme Judicial Court are hereby requested to give to the House of Representatives, according to the provisions of the Constitution on this behalf, their opinion on the following question, to wit:

## QUESTION

Is it competent for the Legislature to create by special act of the Legislature a private corporation whose principal object shall be to engage in business intended to derive profit out of the loan of money, credit, goods, or choses in action, in an amount or value in excess of three hundred ($300.00) dollars, whether secured or unsecured?

Presented by:

Hayes — Dover-Foxcroft.

NINETY-FIFTH LEGISLATURE

Legislative Document                    No. 383

H. P. 641                    In House, February 1, 1951.

Referred to the Committee on Judiciary. Sent up for concurrence and ordered printed.

HARVEY R. PEASE, Clerk

Presented by Mr. Spear of South Portland.

STATE OF MAINE
IN THE YEAR OF OUR LORD NINETEEN
HUNDRED FIFTY-ONE

**AN ACT to Incorporate the Guardian Finance Co.**

Be it enacted by the People of the State of Maine, as follows:

**Sec. 1. Corporators; corporate name; powers and privileges.** Maurice A. Branz, of Cape Elizabeth, Brewster A. Branz and Anna D. Branz, both of Portland, S. Arthur Paul of Falmouth and Wilfred A. Hay of Windham, all in the county of Cumberland and state of Maine, or such of them as may vote to accept this chapter, with their associates, successors and assigns, are hereby made a body corporate to be known as the "Guardian Finance Co.," and as such shall have the power to enact suitable by-laws and regulations, and elect such officers as it deems desirable to effect its corporate purposes and be possessed of all the powers, privileges and immunities and subject to all the duties and obligations conferred on corporations by the general corporation law of this state.

**Sec. 2. Principal office.** The principal office and place of business in Maine is to be located in the city of Portland, county of Cumberland, or as fixed by the directors.

**Sec. 3. Purposes.** The purpose for which this corporation is formed and the nature of the business to be conducted by it are as follows: To engage in the business of making loans or to advance money upon contracts, promissory notes, secured or unsecured, upon such terms and conditions as are lawful and may be agreed upon; to purchase contracts or notes incorporated in or secured by conditional sales contracts or chattel mortgages or personal property; to borrow money and secure payment thereof by pledging its assets or any part thereof; and to do any and all things necessary or incidental to the foregoing; to take over the loan and finance business of Maurice A. Branz, presently conducted by him under the firm name and style of Guardian Finance Co. and to assume all outstanding obligations of the said Maurice A. Branz incurred by him in the conducting of the said business.

**Sec. 4. Capital stock.** The corporation may determine the capital stock of the said corporation and the division of same into shares, either of par or non-par, common or preferred, and the amount of dividend to be paid or declared thereon; with the right to change the capital stock by majority vote of the holders of stock issued and outstanding, and having voting power, the fees therefor to be paid as prescribed by the laws of Maine.

**Sec. 5. Subject to supervision of bank commissioner.** The corporation may be subject to inspection and examination of its books and records by the bank commissioner or his deputies at all times.

**Sec. 6. First meeting, how called.** Any 3 of the incorporators named in this act may call the 1st meeting of the corporation by mailing a written notice signed by 3 incorporators, postage paid, to each of the other incorporators 5 days at least before the day of the meeting, naming the time, place and purpose of such meeting; and at such meeting the necessary officers may be chosen, by-laws adopted and any

other corporate business transacted; provided that without such notice, all such incorporators may meet voluntarily at any time and effect their organization by electing officers, adopting by-laws and transacting other lawful business.

## ANSWER OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

The undersigned Justices of the Supreme Judicial Court, having considered the question propounded to them by the Order of the House of Representatives dated April 24, 1951, and passed May 3, 1951, respectfully advise that they are of opinion that it is "competent for the Legislature to create by special act of the Legislature a private corporation whose principal object shall be to engage in business intended to derive profit out of the loan of money," subject to such limitations relative to the amount of individual loans, or otherwise, as the Legislature may prescribe, if the objects of the corporation cannot be attained under any existing general laws.

The only limitation upon the power of the Legislature to create corporations by special act is that found in Sections 13 and 14 of Part Third of Article IV of the Constitution adopted in 1875, by Article XIV of the Amendments thereto. These read as follows:

> "Section 13. The legislature shall, from time to time, provide, as far as practicable, by general laws, for all matters usually appertaining to special or private legislation.
> "Section 14. Corporations shall be formed under general laws, and shall not be created by special acts of the legislature, except for municipal purposes, and in cases where the objects of the corporation cannot otherwise be attained; and, however formed, they shall forever be subject to the general laws of the state."

The purpose intended to be served by these additions to the Constitution is evidenced by the following statement contained in the Inaugural Address of Governor Selden Connor delivered before the Fifty-fifth Legislature when it convened in 1876, as found in the Acts and Resolves of 1876, page 145 at 165:

"Section thirteen presents a discretionary field of action which your own honor will impel you to occupy to the fullest extent.

"The title of 'Special and Private Laws,' which includes so large a portion of the laws of former Legislatures, is an obnoxious one, conveying suggestions of privilege, favoritism and monopoly; though happily these evils have not in fact, stained the character of our legislation, they should not be suffered to have, even in the form of our laws, any grounds of suspicion that can be removed. Other weighty objections to special laws for private benefit are, that they are obtained at the public expense, and in their passage distract the attention of legislators from matters of public interest. The opportunity is now afforded, and the duty enjoined upon you, by the amendment, to restrict the necessity for such laws to the narrowest possible limits. An analysis and classification of the private and special laws upon the statute books, will inform you of the objects for which it is desirable to provide by general laws, if practicable.

"Many objects have been hitherto specially legislated upon although they were amply provided for by general laws. I have distinguished authority for the statement that sixty or more of the corporations created by a special act for each, by the last Legislature, could have been created and organized under general laws. The reason why the general laws have not been resorted to to a greater extent, is not, so far as I am informed, to be found in any insufficiency or defect of those laws, but in the greater ease and simplicity of the method of application to the Legislature and in the fancied higher

sanction of an authority proceeding directly from it. Section fourteen, relating to corporations, is compressive and peremptory. It relates to all corporations, except only those for municipal purposes. It clearly prohibits their creation by special acts if the objects desired can be secured under existing general laws."

Since the adoption of these sections, the successive Legislatures of this State, as evidenced by their action, have consistently interpreted Section 14 as permitting the creation of corporations by special charter whenever the objects thereof could not be attained *under existing general laws.*

Established principles of constitutional construction require that the views of the framers be given great consideration, *Opinion of the Justices,* 68 Me. 582 at 585, and that whenever a constitutional provision may be considered ambiguous its:

"interpretation must be held to be settled by the contemporaneous construction, and the long course of practice in accordance therewith,"

*State* v. *Longley,* 119 Me. 535 at 540.

It cannot be doubted that the framers of Art. IV, Part Third, Sec. 14 intended that it should be construed as Governor Connor construed it, as authorizing the Legislature to determine the field or fields in which corporations should be "formed under general laws," and that in the absence of an existing general law under which the objects of the corporation can be attained the Legislature may create such corporation by special act. Neither can it be doubted that it has been construed in conformity with that view for more than three-quarters of a century. In this construction we heartily concur for no other meaning can be fairly given to the language used in the amendment.

It being manifest that your inquiry relates particularly to the proposed incorporation of Guardian Finance Co., and

that its objects, as declared in Legislative Document No. 383, cannot be attained by organization under any existing general law, we supplement the foregoing by saying that said corporation may be chartered by special act.

Dated at Augusta, Maine, this eighth day of May, 1951.

Respectfully submitted:

HAROLD H. MURCHIE

SIDNEY ST. F. THAXTER

RAYMOND FELLOWS

EDWARD F. MERRILL

WILLIAM B. NULTY

ROBERT B. WILLIAMSON