OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \*

QUESTIONS PROPOUNDED BY THE HOUSE IN AN ORDER
DATED JANUARY 17, 1961
ANSWERED JANUARY 24, 1961

HOUSE ORDER PROPOUNDING QUESTIONS

STATE OF MAINE

In House, January 17, 1961.

WHEREAS, in connection with the proposed examination by the House Committee on Elections into the ballots cast in the general election of November 8, 1960 for the House seat from the Class towns of Durham and Lisbon, certain questions have arisen with regard to the contest by Andrew Karkos of Lisbon, Maine of the seat certified to Frank M. Bowie of Durham, Maine; and

WHEREAS, Hearing was held in this matter on Wednesday, January 11, 1961, at which time Mr. Bowie appeared specially in order to contest the jurisdiction of the Committee to hear the merits of this dispute; and

WHEREAS, The Committee decided that it should hear all the available evidence, while at the same time reserving to Mr. Bowie his right to a determination of Committee jurisdiction; and

WHEREAS, Evidence showing the following sequence of events was received and acknowledged as accurate by both parties to this contest;

(1)    Mr. Karkos sent the notice of contest to Mr. Bowie by registered mail, return receipt requested.

(2) Mr. Karkos placed the said notice in the United States Mails on December 19, 1960.

(3) This notice was addressed to Mr. Bowie at Durham, Maine, whereas Mr. Bowie's mailing address was Auburn, RFD #1.

(4) The return receipt indicated that Mr. Bowie received this said notice December 27, 1960, less than ten days before the organization of the House of Representatives;

and

WHEREAS, The Committee on Elections may be without jurisdiction to inquire into the certified results; and

WHEREAS, It is Mr. Bowie's contention that Mr. Karkos has failed to comply with the provisions of Chapter 5, Section 89 of the Revised Statutes, relating to the service of said notice, which section is as follows:

"When any person intends to contest before the house of representatives the right of any other person to his seat therein, he shall serve notice thereof upon such person which notice may be served at any time after the election and shall be served at least 10 days prior to the organization of the house of representatives. He shall present his petition to the house of representatives within 3 days after its organization, stating the grounds upon which he proposes to contest such seat, and all testimony on either side shall be by depositions taken in the manner authorized by chapter 117 in cases of contested senatorial elections, or by parol evidence, and shall be presented to the house of representatives within 3 days from the commencement of the session. If this law is not strictly complied with, except in extreme cases where injustice would be done if a continuance were not allowed, the party neglecting shall be denied a postponement, and the committee on elections shall proceed to determine the case by the testimony before them."; and

WHEREAS, It appears to the members of the House of Representatives of the One Hundredth Legislature that questions of law have arisen which make this occasion a solemn one;

NOW THEREFORE, *be it ordered,* that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give this legislature their opinion on the following questions:

I

In an election contest such as the one outlined above, has the contestant complied with the provisons of Chapter 5, Section 89, of the Revised Statutes when he deposits the notice of contest in the United States Mails within the prescribed time limit, but the notice is not received until after the expiration of that limit?

II

If the answer to question number I above is in the negative, does the Committee on Elections have any jurisdiction to entertain the contestant's petition?

III

In what way, if any, would the answers to either of the above questions be affected if it is shown that Mr. Bowie was informed orally, before the expiration of the time limit, that Mr. Karkos intended to contest his election to the House of Representatives?

House of Representatives
Read and Passed
Under Suspension of Rules
Jan. 17, 1961

Name: John L. Knight          HARVEY R. PEASE,
Town: Rockland                                    Clerk

A True Copy
Attest: HARVEY R. PEASE, Clerk of the House

ANSWERS OF THE JUSTICES

To the Honorable House of Representatives of the
     State of Maine:

In compliance with the provisions of Section 3 of Article
VI of the Constitution of Maine, we, the undersigned Jus-
tices of the Supreme Judicial Court, have the honor to sub-
mit the following answers to the questions propounded on
January 17, 1961.

QUESTION (I) : In an election contest such as the one
outlined above, has the contestant complied with the pro-
visions of Chapter 5, Section 89, of the Revised Statutes
when he deposits the notice of contest in the United States
Mails within the prescribed time limit, but the notice is not
received until after the expiration of that limit?

ANSWER: We answer in the negative.

> "In general, where a notice, as distinguished
> from an acceptance, is required by contract or
> statute, it is a question of interpretation, but
> usually it must reach the person to be notified
> within the period stipulated; *Haldane v. United
> States,* 69 F. 819, 16 C.C.A. 447; *Conway v. First
> Nat. Bank,* 256 F. 277, 281; *Wheeler v. McStay,*
> 160 Ia. 745, 141 N.W. 404, L.R.A. 1915 B 181;
> *Fritz v. Penna Fire Ins. Co.,* 85 N.J.L. 171, 88 A.
> 1065, 50 L.R.A. (N.S.) 35; *Crown Point Iron Co. v.
> Aetna Ins. Co.,* 127 N.Y. 608, 28 N.E. 653, 14
> L.R.A. 147; . . . "

Williston on Contracts, Rev. Ed. Vol. I, Page 248, § 87
note (3rd Ed. Jaeger, Vol. I, Page 281, § 87 note.)

QUESTION (II) : If the answer to question number I
above is in the negative, does the Committee on Elections
have any jurisdiction to entertain the contestant's petition?

ANSWER: We answer in the affirmative.

The Constitution of Maine, Art. IV, Part Third, Sec. 3, provides:

> "Each house shall be the judge of the elections and qualifications of its own members * * * ."

The Constitution thus clothes each house of the Legislature with exclusive and plenary jurisdiction. The Legislature may prescribe reasonable rules of conduct and procedure in resolving election contests involving its own membership, but its jurisdiction continues to rest upon the authority vested in it by the Constitution and may not be made to depend upon any technical compliance or failure to comply with such procedural requirements. We have no official knowledge of the specific authority vested by the House in its Committee on Elections either under its rules or by any special action, but for our purposes we will assume that the Committee on Elections was established to hear and determine contested cases under the provisions of R. S., Chapter 5, Section 89 as amended by P. L., 1959, Chapter 204, Section 26. In so acting the Committee on Elections stands in the place of the House in the first instance and derives its jurisdiction from that of the parent body. Final decision rests in the House to which the Committee reports. It follows therefore that the Committee on Elections, like the House for which it acts, may in an appropriate case disregard technical non-compliance with the statutory notice and determine a case upon its merits. The test would be whether substantial justice would be established by hearing and determining the case. In short, non-compliance with the statutory notice requirement does not negate the jurisdiction of either the House or its designated committee of reference. The foregoing principle has been applied with respect to the jurisdiction of the Congress and federal statutes imposing notice requirements. As stated in Paine on Elections (1888), Sec. 1003, Page 833:

> "The statutory provision, prescribing the time within which the notice of contest is to be served,

is not obligatory upon the house of representatives. A mere failure to serve this notice, within the period limited by the statute, will not always result in the dismissal of the contest, without a trial of the case on its merits. The federal constitution does not permit the house to be fettered by this statute. Since the enactment of the statute of 1851 no contest has been dismissed, without a trial on the merits, upon the sole ground that the notice was not served within the period of thirty days limited in the statute."

QUESTION (III) : In what way, if any, would the answers to either of the above questions be affected if it is shown that Mr. Bowie was informed orally, before the expiration of the time limit, that Mr. Karkos intended to contest his election to the House of Representatives?

ANSWER: We answer that the fact stated would not affect or alter our answers to questions I and II above.

Dated at Augusta, Maine, this 24th day of January, 1961.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
F. HAROLD DUBORD
CECIL J. SIDDALL