JACOB D. VAN EMBURGH, PLAINTIFF-RESPONDENT, v.
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF BERGEN, DEFENDANT-APPELLANT.

Submitted March 22, 1915—Decided June 14, 1915.

The statute (*Pamph. L.* 1913, *p.* 810) provides that all persons who
may have been elected as members of a board of chosen free-
holders, the title to whose office has been adversely affected by
a judicial decision may "have and receive the expenses incurred
by them in and about procuring their election as members of
such board according to their respective statements under oath
and filed by them according to law." *Held*, that by this statute
the legislature has fixed the criterion by which the amount due
for such expenses should be ascertained, and that the statement
was conclusive evidence of the amount that might be recovered,
and that a plea seeking to dispute the conclusiveness of such
certificate is frivolous and was properly stricken out.

On appeal from the Bergen County Circuit Court.

For the plaintiff, *Campbell & De Turck.*

For the defendant, *William B. Mackay, Jr.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was elected a member of the
board of chosen freeholders of the county of Bergen under an
act approved April 1st, 1912 (*Pamph. L., p.* 619), which pro-
vided for the reorganization of the boards of chosen free-
holders of the several counties of this state. The election was
held in November, 1912, a certificate issued by the proper
authority, and the plaintiff entered upon the performance of
the duties of his office and so continued until March 12th,
1913, when it was determined by the Supreme Court (*Pier-
son* v. *Cady,* 84 *N. J. L.* 54), that the act of 1912, above men-
tioned, did not apply to that class of counties which embraced
the county of Bergen, and thereupon the plaintiff abandoned
all claim to be considered a member of the board of chosen

freeholders of that county. In 1913 (*Pamph. L., p.* 810) the legislature enacted that all persons returned as elected to be members of boards of chosen freeholders, to whom certificates of election as such were issued, and the title to whose office had been adversely affected by any judicial decision against other persons similarly situated, by a court of competent jurisdiction, should have and receive the *pro rata* proportion of the annual salary provided for in the act creating, or purporting to create, such boards of chosen freeholders, and also to have and receive the expenses incurred by them in and about procuring their election as members of such board, "according to their respective statements under oath, and filed by them according to law." The plaintiff claiming to have been returned as elected as a member of the board of chosen freeholders of the county of Bergen; to have had issued to him a certificate of such election, and that his title to the office had been adversely affected by a judicial decision against other persons similarly situated, brought his suit to recover the *pro rata* proportion of the annual salary and the expenses of procuring his election. The complaint in this cause, if true, brings the plaintiff within the class of persons entitled under the act to recover the salary and the expenses of procuring his election. The answer of the defendant amounts to nothing more than a denial of the facts set out in the plaintiff's complaint. Plaintiff gave notice of a motion to strike out the answer as sham and frivolous, and also for judgment final upon affidavits attached to, and served with, the notice. Rule 80 of the Supreme Court provides that when an answer is filed in an action brought to recover a debt arising "(*c*) upon a statute," the answer may be struck out and judgment final entered upon motion and affidavit, unless the defendant, by affidavit or other proofs, shall show facts which the judge hearing the motion shall deem sufficient to entitle him to defend. On the hearing of the motion, the plaintiff submitted affidavits showing that he was within the class entitled to recover the salary and expenses of procuring his election, and produced before the court the statement of his election expenses filed with the clerk of the county

of Bergen, duly verified by his oath. There was an affidavit presented by the defendant, but it in no way answered or denied the facts set up in the plaintiff's proofs, and the Circuit Court made an order striking out the answer and directing that a judgment final be entered in favor of the plaintiff from which the defendant has appealed. The defendant has filed numerous reasons in support of its appeal, but only a few of them require any consideration. The first is, that the act of 1913 (*Pamph. L., p.* 810) is unconstitutional. The answer to this is, that this court has held otherwise in *Lyons* v. *Freeholders of Morris County,* 86 *N. J. L.* 206.

It is also urged that the defendant had a right to traverse the truth of the claim for election expenses, and therefore it was not proper to order a summary judgment. This overlooks the provision of the statute which provides that persons situated as plaintiff is shall have and receive their election expenses "according to their respective statements under oath and filed by them according to law." This statement the legislature has made the criterion of the amount of the election expenses which the person entitled may recover, and therefore when the plaintiff produced this certificate before the court, he had made indisputable proof, as declared by the legislature, of the amount he was entitled to recover for expenses in procuring his election.

Another ground urged is, that the defendant was denied the right of contesting the character and *quantum* of the services of the plaintiff as a chosen freeholder. The point of this objection is, that as there was a rival board of freeholders, disputing the legality of the board of which the plaintiff was a member, and that such board so interfered with the action of the new board that there were no services that the plaintiff could perform. The reply to this is, that plaintiff was elected with others as members of the board of chosen freeholders; that their certificates of election were issued to them, and that their title to their office was adversely affected by a judicial decision against other persons similarly situated. This is all that the statute requires to entitle the plaintiff to the proportion of salary which the

original statute fixed, and which the later statute expressly provides shall be paid.

The only other error argued which merits consideration is, that the judgment included interest from the time of the adjudication which adversely affected the title of the plaintiff. There is nothing in the statute which authorizes or requires the municipality to pay interest, and there is no proof that any demand was ever made upon the county to pay, nor any tending to show when the interest should begin to run, if at all. We are of opinion that under the circumstances of this case, interest should not have been included. The record shows that the amount due to the plaintiff for salary and expenses incurred in procuring his election amounts to $502.13, which is all we think the plaintiff is entitled to recover. The judgment will be modified to that extent, but without cost to either party in this court.

*For affirmance*—None.

*For modification of judgment below*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.