HARRY M. WILSON, PROSECUTOR, v. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE COUNTY OF MONMOUTH ET AL., RESPONDENTS.

Submitted March 20, 1919—Decided July 3, 1919.

Under the seventh section of the District Court act (*Comp. Stat., p.* 1955) providing for the appointment of a clerk to said court, the clerk so appointed serves without any fixed tenure of office, and is therefore subject to the provisions of the Civil Service act, and is removable only in accordance with the provisions of that legislation.

---

On *certiorari* of order removing clerk of District Court from office.

Before Justices PARKER and MINTURN.

For the prosecutor, *Ward Kremer* and *Charles E. Cook.*

For the respondents, *Lloyd C. Riddle* and *Halstead M. Wainwright.*

The opinion of the court was delivered by

MINTURN, J.  Prosecutor was appointed clerk of the District Court of the First Judicial District of Monmouth county by Judge Walter Taylor on August 1st, 1916, and duly qualified as such, and thereafter discharged the duties of the office, and is still discharging them.  The present judge, Benjamin B. Smith, assumed office on March 1st, 1918, and on September 19th of that year by letter discharged the prosecutor and appointed his successor.  Meanwhile, the prosecutor entered upon an examination conducted by the state civil service board for the position of clerk of the District Court, and was duly notified by that board that he had qualified for the office.  In this situation the question as to the power of the judge to remove him is presented by this writ.  His contention is threefold—(1) that he holds a certificate as a veteran fireman; (2) that he holds a certificate as an honorably discharged veteran of the Spanish-American war; (3) that his position is under the jurisdiction of the civil service board; upon all or any of which grounds he cannot be removed in the absence of charges duly preferred against him and a hearing.  We think the writ of *certiorari* is properly applicable to such a situation.  *Murphy* v. *Freeholders,* 92 *N. J. L.* 244.

The authority for the appointment of a clerk is contained in the District Court act, section 7, viz.: "The clerks of each District Court shall be appointed by the judge thereof, and shall hold office during the pleasure of the judge or until the appointment and qualification of his successor."

The inquiry resulting from this legal situation is whether the status of the prosecutor is that of one holding for a fixed and determinate term of office, or of one whose term is inde-

terminate and not fixed by law. If it be the latter, the difficulty of a summary removal of the prosecutor in the manner proposed is manifest. *Browne* v. *Hagen,* 91 *N. J. L.* 544; *Bell* v. *Atlantic City,* 89 *Id.* 443; *McKenzie* v. *Elliott,* 77 *Id.* 43.

In *Townsend* v. *Boughner,* 55 *N. J. L.* 380, the prosecutor occupied the position of building inspector of Newark. The charter of that city provided that persons appointed under its provisions "shall continue in office until the office for which he shall be appointed shall be declared vacant, or until another person shall be appointed to succeed him, and shall enter upon the duties of his office." This language was held by Chief Justice Beasley to confer a tenure of office at the will of the appointing power, and he therein employs this definitive language to characterize such a tenure: "In case of an office held during the pleasure of another, the official term—that is, the continuance of the incumbency—is uncertain and unfixed until the mandate of removal had been issued."

The cases are unanimous in supporting this test. *Gibbs* v. *Morgan,* 39 *N. J. Eq.* 126; *State, Cavanagh* v. *Freeholders,* 50 *N. J. L.* 53; *Smith* v. *Regan,* 54 *Id.* 171; *Garey* v. *Riddle,* 84 *Id.* 80; *Bell* v. *Atlantic City,* 89 *Id.* 443.

The cases upon which reliance is placed to establish that the office *sub judice* is held under a fixed tenure do not support the contention.

In *Sweeney* v. *Stevens,* 46 *N. J. L.* 344, the term was fixed by statute at five years, subject to removal by the board of freeholders.

In *Pierson* v. *O'Connor,* 54 *N. J. L.* 36, this court simply held that a District Court clerk was not a municipal officer, within the meaning of the Veteran act.

In *O'Rourke* v. *Newark,* 66 *N. J. L.* 109, the appointment of an assistant to the building inspector was by resolution for two years. This case at first blush would seem to the contrary; but an examination of the reasoning of this court and of the Court of Errors and Appeals, demonstrates that the use by Mr. Justice Fort, of the language "term fixed by

law," related to the lack of power of the council to turn into a term for a fixed period, a position which by the city charter was determinable only by the action of the council declaring the office vacant, and thereafter appointing a successor, which status for the purpose of applying the Civil Service act necessarily implies the existence of an indefinite tenure.

In *Browne* v. *Hagen*, 91 *N. J. L.* 544, the term of the health officer of Paterson was fixed by resolution at three years, and his status was that of an officer holding over.

*Vredenburgh* v. *Sexton*, 87 *N. J. L.* 344, was determined with the cases cited fully in mind, upon the peculiar language of the statute authorizing the appointment of an assistant to the county prosecutor, which upon *argumentum ab incon-venenti* was construed to hold that the legislature could not have contemplated the absurd possibility consequent upon a contrary construction of the acts, under which assistant prosecutors are appointed in the various counties of the state.

Manifestly, the language of the District Court act, under which the prosecutor was appointed, presents a situation not unlike that presented in *Townsend* v. *Boughner, supra,* and for the reasons there stated by the Chief Justice, we think the tenure of the prosecutor was of an uncertain and indeterminate nature, and without definite and certain limitation, equivalent to a fixed and certain tenure.

The office of the prosecutor, therefore, was subject to the jurisdiction exercised by the state civil service board, under the authority creating that board (*Pamph. L.* 1908, *p.* 234; *Comp. Stat., p.* 3795), and the prosecutor thereby became irremovable by any other method than that prescribed in the legislation creating that body.

The attempted removal of the prosecutor, the proceedings of which have been removed by this writ, will be vacated, but without costs.