THE COUNTY OF MERCER, PLAINTIFF, v. THEODORE TOBISH, DEFENDANT.

Argued February 21, 1922—Decided June 6, 1922.

1. Where a municipal corporation has a right and power to enter into a given contract, it can legalize it after it has been performed under an authority of its unauthorized agents and convert the money so earned into a legal debt.

2. The county of Mercer entered into a contract for "approximately fifty thousand gallons of tar;" the specifications provide, "but in no case shall the total be increased or diminished more than twenty-five per cent. of the estimated amount required." Twenty-five thousand four hundred and eight gallons in excess of the maximum amount so specified was used on a road being repaired, amounting to $4,509.92, under the direction of the supervisor of roads without any additional advertisement or supplemental contract. The bill for the same was audited, approved and paid by the county. *Held,* the county cannot recover back the amount of such excess payment; the money so earned was a legal debt of the county.

On motion to strike out complaint.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the plaintiff, *Frederic R. Brace.*

For the defendant, *Backes & Schroth.*

The opinion of the court was delivered by

BLACK, J. The county of Mercer brought this suit to recover $4,509.92. This sum is the amount paid by the plaintiff for an excess, not provided for in a contract, of

twenty-five thousand four hundred and eight gallons of tar at seventeen and three-quarter cents per gallon, used on the Robbinsville-Allentown road.

The facts are set out fully in the complaint and in a stipulation connected therewith. There is no controversy about the facts.

The defendant's motion is to dismiss the complaint on the ground that the complaint plus the facts admitted in the stipulation do not disclose a cause of action.

The facts thus shown are, on August 30th, 1921, the board of chosen freeholders of the county of Mercer advertised for bids for furnishing fifty thousand gallons of tar, "more or less," for the Robbinsville-Allentown road. The defendant being the lowest responsible bidder, the contract, dated September 1st, 1921, was awarded to him. The specifications are made a part of the contract. The specifications provide for "approximately fifty thousand gallons of tar," "but in no case shall the total be increased or diminished more than twenty-five per cent. of the estimated amount required." The contract provides for applying "approximately fifty thousand gallons of tar," at the unit prices in the written proposal submitted by the contractor of seventeen and three-quarter cents per gallon, which unit prices, computed upon the requirements estimated therein, aggregrate a lump sum-total of $8,875.

On November 15th, 1921, the road having been completed, a bill was presented to the county for eighty-seven thousand nine hundred and eight gallons of tar or twenty-five thousand four hundred and eight gallons in excess of the maximum amount specified in and required by the terms of the contract and specifications, a total of $15,603.67. The maximum amount at seventeen and three-quarter cents per gallon would be $11,093.75, excess $4,509.92, the amount sued for. On November 16th, 1921, the bill was paid. It had been approved by the supervisor of roads in charge of the road, also by the county auditor. The tar was applied on the road under the direction of the supervisor of roads, as provided for

in the contract, but was not specifically ordered by the county or any of its authorized agents. No advertisement was made for proposals to furnish such excess and no supplemental contract made or entered into. It is stipulated that the county had full power to make and execute the contract for the tar.

The charge laid in the complaint by the county is, that such excess payment of $4,509.92 was made under a mistake of fact, that it was an illegal and void payment, that it was money had and received by the defendant to the use and benefit of the plaintiff. Hence the defendant is indebted to the plaintiff in the sum of $4,509.92. The question, therefore, involved for solution is, Is the county liable for this excess tar which its agents used in good faith on the road? It seems quite unnecessary to enter into any extended discussion of the liability or non-liability of municipal corporations for material used, without express contracts, in compliance with the terms of the statute under which they are permitted to contract, as that subject has been examined with much care in some of the reported cases in our courts, such as *New Jersey Car Spring Co. v. Jersey City*, 64 *N. J. L.* 544; *Jersey City Supply Co. v. Jersey City*, 71 *Id.* 631; *Frank v. Board of Education of Jersey City*, 90 *Id.* 273. Suffice it for us in this case to say, that the cases in our reports recognize a vital legal distinction between those cases, in which the municipality had the right and power to enter into the given contract and those cases in which the municipality had no such power. This distinction was pointed out by Chief Justice Beasley. in an elaborate opinion, in the case of *Cory v. Freeholders of Somerset*, 44 *Id.* 445, 455. In that case he said: "The rule of law is, that it is only when the corporation has the right to enter into the given contract that it can legalize it, after it has been performed under an authority of its unauthorized agents. In the present case, therefore, if the work in question was illegally ordered, the subsequent assent of the board of chosen freeholders would convert the money so earned into a legal debt." That is precisely this case under discussion. The soundness of the position there

enunciated by the Chief Justice was again recognized, reaffirmed and applied by this court in the case of *Bourgeois* v. *Freeholders of Atlantic*, 82 *Id.* 82. We think the facts of this case, as stated, bring it within the scope of the legal rule applied in those two cases. The underlying reason for such a result is clearly stated by the Chief Justice. It would be much to be regretted if these public bodies were without power of doing ordinary justice in these affairs, which must occur not infrequently. The case in principle is not unlike *Frank* v. *Board of Education of Jersey City, supra,* in the Court of Errors and Appeals.

A rule may be entered dismissing the summons and complaint, with costs.