JACOB HOLDMAN, RESPONDENT, v. MICHAEL J. TANSEY, APPELLANT.

Submitted May 29, 1930—Decided October 20, 1930.

*Michael J. Tansey, pro se.*

For the respondent, *Louis Spiegel*.

PER CURIAM.

Plaintiff sued in the Essex Circuit Court for the recovery of the sum of $1,000 on a promissory note, and for the amount of a check in the sum of $250; with interest and costs on both, which were made by defendant to respondent. The defendant answered and said that the note and check were usurious and illegal under the statute. The plaintiff

gave him notice of an application to strike out the answer on the ground that the same was untrue in fact and sham. The judge before whom the matter was heard made an order reciting that the answer was sham, and ordered that it be struck out; and it was also ordered that judgment, interlocutory and final, be entered in favor of the plaintiff and against the defendant for the sum of $1,270.87, which was done. Notice of appeal to the Supreme Court from this judgment of the Circuit was duly argued in that tribunal, and the Supreme Court in a *per curiam* affirmed the judgment, which affirmance was made the judgment of that court, and defendant appeals here.

The Supreme Court in a *per curiam* opinion (reported in 8 *N. J. Mis. R.* 73), after reviewing the facts, said: "In our opinion the action of the court in striking out the answer in this case was proper. It is entirely settled that in setting up usury as a defense in an action at law the defendant must set out the particular facts and circumstances of the supposed usurious agreement, so that the court may see that the agreement was in violation of the statute. *Taylor* v. *Morris,* 22 *N. J. Eq.* 606; *Crane* v. *Homeopathic Mutual Life Insurance Co.,* 27 *Id.* 484. The allegations of the present answer do not, in the remotest way, suggest the facts or the circumstances intended to be proved, and the plaintiff is in no way apprised by the answer of the facts necessary to be met by him in resisting the defense."

We affirm the judgment of the Supreme Court except that the answer was struck out as sham when it should have been struck out as frivolous.

This court in *National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336 (at *p.* 338), said: "A pleading cannot be both sham *and* frivolous. It is either sham *or* frivolous. A sham plea is one good on its face but false in fact; a frivolous plea is one which on its face sets up no defense, although it may be true in fact. *In re Beam,* 93 *N. J. Eq.* 593; *Fideliy, &c., Co.* v. *Wilkes-Barre, &c., Co.,* 98 *N. J. L.* 507; *Milberg* v. *Keuthe,* 98 *Id.* 779; *Sculthorpe* v. *Commonwealth Casualty Co.,* 98 *Id.* 845, 847."

Now, the answer in the case at bar, in accordance with the ruling of the Supreme Court, does not in the remotest way suggest the facts or circumstances intended to be proved, and the plaintiff is in no way apprised by the answer of the facts necessary to be met in resisting the defense. Therefore, the answer in this respect is plainly frivolous, for on its face it sets up no defense.

In *Sculthorpe* v. *Commonwealth Casualty Co., supra,* the Court of Errors and Appeals (at *p.* 848), said, that the fact that the answer was stricken out as "sham," and not, as it should have been, as "frivolous," is not cause for reversal.

Let the judgment under review be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.