JOSEPH VARBALOW, JUDGE, ETC., PROSECUTOR, v. CIVIL
SERVICE COMMISSION ET AL., DEFENDANTS.

Argued January 19, 1937—Decided May 14, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Harry Grossman.*

For the defendants, *Clifford A. Baldwin.*

PER CURIAM.

This writ brings up an order of the civil service commission
setting aside an order of the judge of the Camden District
Court dismissing from his position as sergeant-at-arms of
that court, the defendant, Edward H. Martin, upon charges
of insubordination, interference with the work of the District
Court, unbecoming conduct in the office of the court, and
improper certification of records. The civil service commis-
sion ordered him reinstated and imposed, in lieu of dismissal,
a penalty of temporary suspension.

Martin was appointed sergeant-at-arms on April 25th,
1927, by Frank F. Neutze, then judge of that court. His
appointment was in accordance with the civil service rules
and was registered with that commission. His name was cer-
tified to the judge of the District Court following examina-
tion by the civil service commission. Neutze was re-appointed
judge in 1933 and resigned in 1934, when Varbalow was
appointed District Court judge. Martin continued to fill the

position of sergeant-at-arms from his appointment in 1927 until February 25th, 1936, when he was suspended. He was never reappointed after the expiration of the term of any judge.

The first point raised is that the civil service commission was without jurisdiction to hear the appeal of the defendant because he did not hold a position within the classified civil service. The argument is that his appointment was not for an indefinite term but for a definite one terminating with the term of the District Court judge who appointed him.

The sections of the statute in question, sections 12 and 13a, 2 *Comp. Stat., p.* 1957, provide: "Sergeants-at-arms so appointed shall hold office during the pleasure of the judges appointing them," and "Sergeants-at-arms, respectively, when appointed, shall hold office during the pleasure of the judge appointing them."

Two cases are cited dealing with somewhat similar but by no means identical statutory language. The first is *De Camp* v. *Harrison,* 108 *N. J. L.* 51, where it was claimed that the position of deputy register of deeds came within the provisions of the civil service law because the appointment was for an indefinite term. The language of the statute was "any register of deeds and mortgages * * * may, in his discretion, from time to time, select and appoint some competent person as deputy register * * *, which deputy shall hold his office during the pleasure of the register * * * for the time being." It was held by the Supreme Court that an appointment under this statute was for a term ending with the term of the register making the appointment, and therefore the position did not come under the jurisdiction of the civil service commission. This case is relied upon by the prosecutor here, but the statutory language is quite different. The court in that case laid emphasis on the words "for the time being" as indicating the intention of the legislature that it was the pleasure of the person holding the office of register when the appointment was made rather than anyone holding the office at another time, that controlled the incumbent.

The other case is *Wilson* v. *District Court,* 93 *N. J. L.* 103;

107 *All. Rep.* 589; *affirmed,* 95 *N. J. L.* 265; 111 *Atl. Rep.* 927, where the office in question was that of clerk of the District Court. There the language of the statute was "the clerks of each District Court shall be appointed by the judge thereof, and shall hold office during the pleasure of the judge * * *." It was held that an appointment under this section was for an indefinite term, and the position was within the civil service jurisdiction.

The question then is, was the appointment of the defendant one for a term at the pleasure of Judge Neutze as the appointing person, or one for a term at the pleasure of the judge of the District Court as the appointing power? We are of the opinion that the language of the statute does not clearly indicate the former, and that in the absence of any such clear indication, the latter interpretation should be adopted. Indeed, that seems to have been the practical interpretation put upon it in the Camden District Court since this question is now raised for the first time in this court. There was no objection to the jurisdiction of the civil service commission before that body and Judge Varbalow followed the civil service rules in dismissing the defendant. We see no reason for believing that the legislature intended to make the position of sergeant-at-arms of the District Court one of such confidence and trust that new persons should be chosen by each incoming judge, when the position of clerk of the court has been held not to be such a position but one protected by the provisions of the Civil Service act. The position of sergeant-at-arms is not as important a one nor one involving confidence and trust to the extent that the position of clerk does. We are, therefore, of the opinion that the civil service commission had jurisdiction to hear the defendant's appeal.

It is next argued that the commission was without jurisdiction to change the penalty imposed on defendant from dismissal to suspension. The commission took the view that Martin was in the state service and was not a municipal officer and therefore it had jurisdiction under chapter 176, *Pamph. L.* 1930, and with this we agree. *Pierson* v. *O'Connor,* 54

*N. J. L.* 36; 22 *Atl. Rep.* 1091, holds that a City District Court is created by statute, and its clerk and judge, although paid by the city, are not municipal officers but hold office under the state government.

The final point is that the order under review was an arbitrary and unlawful exercise of power by the commission, but a reading of the evidence persuades us that the order is reasonably supported by the testimony.

The writ is dismissed, but without costs.