ASHLEY B. CARRICK, RELATOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, DEFENDANT.

Argued February 10, 1941——Decided February 21, 1941.

182

Before Justices CASE, DONGES and HEHER.

For the relator, *Leo Rosenblum.*

For the defendant, *J. Emil Walscheid.*

The opinion of the court was delivered by

CASE, J.   The proceeding is on the petition of Ashley B. Carrick for a peremptory writ of *mandamus* to command the Board of Chosen Freeholders of the County of Hudson to insert in its 1941 budget the sum of $37,275.64 to meet the unpaid obligations incurred in the year 1940 and the estimated requirements for the year 1941 with respect to the Fourth ·Criminal Judicial District Court of the County of Hudson.

By chapter 201, *Pamph. L.* 1940, the legislature created the Fourth Criminal Judicial District Court of Hudson County, and on October 4th, 1940, in joint session, elected the said Ashley B. Carrick, relator herein, to be the judge thereof. Relator was duly commissioned and sworn.

Judge Carrick's salary is fixed by statute (*R. S.* 2:212-9c) at $5,000. Under statutory authority he appointed a clerk (*R. S.* 2:212-10), a sergeant-at-arms and a court attendant (*R. S.* 2:212-15) at respective salaries (*R. S.* 2:212-17) of $3,000, $2,500 and $2,000. He made demand upon the Board of Chosen Freeholders for suitable quarters, with proper equipment, and other essentials, and, upon failure by the board to make provision, proceeded to procure first temporary and then permanent quarters and to equip the same suitably.

The relator's budgetary demands were based upon estimates for 1941 and upon obligations actually incurred and matured for 1940. The figures for 1941 were:

1. Salaries:

| | | |
|---|---:|---:|
| Judge | $5,000.00 | |
| Clerk | 3,000.00 | |
| Sergeant-at-arms | 2,500.00 | |
| Court attendants | 13,000.00 | |
| Total salaries | | $23,500.00 |

2. Other Expenses:

| | | |
|---|---:|---:|
| Rent | $3,000.00 | |
| Telephone, telegraph, postage | 720.00 | |
| Stationery, office supplies and books | 600.00 | |
| Furniture and equipment | 500.00 | |
| Mileage and miscellaneous | 2,150.00 | |
| Total *alia* | | 6,970.00 |
| Total 1941 Estimated Expense | | $30,470.00 |

The 1940 items of incurred obligations were:

| | |
|---|---:|
| Salaries | $2,417.48 |
| Cash advanced by Judge Carrick | 191.32 |

| | | |
|---|---|---|
| Enumerated equipment | 3,555.95 | |
| Enumerated miscellaneous items | 640.89 | |
| 1940 Items | | 6,805.64 |
| Total requested budget | | $37,275.64 |

The statute creating the relator's court has been declared valid. *Wilentz* v. *Galvin,* 125 *N. J. L.* 455. That statute therefore becomes integrated with the major legislation in *R. S.* 2:212-1 *et seq.*

It is for the judge, not the County Board of Chosen Freeholders, to determine which and how many of the designated court officers shall be appointed and, when appointed, to fix the salaries within the statutory limitation. *R. S.* 2:212-10; *R. S.* 2:212-17.

Further, it is the duty of the board to provide suitable quarters for the court, together with proper equipment, transportation and places of detention; and if the board shall not, upon demand, make such provision, it is required to pay the cost and expense for facilities otherwise provided, upon warrant of the judge. *R. S.* 2:212-19. The board is likewise required to pay the salaries of the officials and appointees as well as the expenses for the maintenance of the court. Generally and specifically, it is under statutory direction to "appropriate annually sufficient money to provide for the proper maintenance and support of the court." *R. S.* 2:212-20.

Defendant rests its refusal to act upon three grounds, of which the first is that the statutory budgetary scheme includes collaboration with and under the direction of the commissioner of local government (*R. S.* 40:2-7) and that recourse should not be had to this court until such procedure has been gone through and the results made manifest. We find nothing in the statute which looks toward a brake upon court intervention at this stage. The appropriation machinery brooks no delays. The steps are progressively upon a statutory time table which leaves little opportunity for successive appeals. The last day for the adoption of this budget will be

the twenty-fourth day of this month. Other important phases of governmental and municipal activities wait upon this step. The board approved its budget and deliberately omitted therefrom any item of appropriation for relator's court; this upon the recommendation of its finance committee that "no provision be made for the expenditure of money for these unnecessary courts until there is an adjudication of the question by the Supreme Court."

Defendant's second point is that the provisions of *R. S.* 2:212 do not impose a mandatory obligation upon the board to make the appropriation. This argument is partly based upon the contention that the authority of the judge is such that upon the incurring of certain of the items of expense, the claimants became creditors of the county, entitled to recover by action at law if the county should fail to pay. We think that the courts may not be thwarted in the performance of their statutory functions by refusal of the county board to make the appropriations which the statute specifically requires it to make.

Defendant further questions, under this point, the authority of the judge to demand the appropriation of $11,000 (embraced within the $13,000 item) to meet the salaries of additional attendants who have not been appointed and are not presently needed. To this may be added the suggestion that urgent need for such additional attendants at any time within the fiscal year is extremely doubtful. It is unlikely that the proper maintenance and support of the court during the current fiscal year will call for such a disbursement or any substantial part thereof. The board is not, in our opinion, obligated to appropriate this item of $11,000. But this is not fatal to the allowance of a writ. These proceedings come before us on petition, not by alternative writ, and may be moulded according to the merits. *Knight v. Freeholders of Ocean,* 48 *N. J. L.* 70. Objection is also raised to the appropriations asked for telephone charges, postage and other communications expense, for mileage fees and like costs, for stationery, office supplies and books and for general miscellaneous items. The charges thus detailed exist only by way of anticipation and estimate. By their very nature this is

so. It is probable that with the legality of the court and its claim upon the county funds thus established the business of the court will be of greater bulk. The board is directed by the statute to appropriate for the maintenance and support of the court; and if the court is to be maintained and supported it must have an appropriation of this character. The aggregate of the items is not great. If the prospective disbursements do not run the full extent of the estimate, the balance of the appropriation will lapse.

As a final reason why *mandamus* should not issue it is said that relator's court is not functioning to the extent that $37,275.64 or any other amount should be appropriated in its support. The determination that there shall be such a court and that the Board of Chosen Freeholders shall maintain it and appropriate for it has been made by the legislature. The question is not judicial and it is not open for review by the Board of Chosen Freeholders.

We conclude that the legal right of the relator and of those who claim under him is clear and that a peremptory *mandamus* should issue directing the Board of Chosen Freeholders of the County of Hudson to appropriate the sum of $26,275.64, which is the requested total less the stricken item of $11,000; the foregoing appropriation being inclusive of the 1940 obligations. *McDonald* v. *Board of Chosen Freeholders of the County of Hudson*, 99 *N. J. L.* 393.