Hudson County Court of Common Pleas.

JOHN WARREN, PLAINTIFF, v. COUNTY OF HUDSON, DEFENDANT.

Decided January 3, 1945.

*John Warren, pro se.*

For the defendant, *J. Emil Walscheid,* county counsel, and *Thomas J. Armstrong,* assistant county counsel.

ROBERSON, C. P. J. The plaintiff, an attorney and counselor-at-law of this state, sues to recover the sum of $3,500 for legal services and the sum of $275.25 for necessary expenses in connection with such legal services rendered by him as special assistant attorney-general appointed by the Attorney-General of the State of New Jersey to represent the Hudson County Board of Taxation as special counsel to obtain possession of its office and records. The appointment was made and the amounts of compensation and necessary expenses were fixed in accordance with the provisions of *R. S.* 52:17–9; *N. J. S. A.* 52:17–9, now repealed. Plaintiff filed verified claims with the defendant for said amounts but payment was refused by defendant.

Defendant has filed an answer, the first part of which makes certain admissions and denials and puts plaintiff to his proof as to other allegations of the complaint and then alleges sixteen separate defenses.

The plaintiff now moves to strike out the answer to the complaint as sham and the separate defenses, some as sham and others as frivolous, and to enter summary final judgment.

The answer to the complaint, being that part which directly answers each allegation of the complainant, consists of

certain admissions and denials and statements putting the plaintiff to his proof and depends for its efficacy upon the validity of the remaining separate defenses.

Defendant contends that plaintiff's notice of motion to strike is invalid because it alleges that the answer is both sham and frivolous. The plaintiff's notice in paragraph 1 reads: "That the answer to the complaint is sham and all of the services of plaintiff were rendered before *R. S.* 52:17–9 was repealed, and the claims of plaintiff to compensation for services and reimbursement for expenses under said statute were then vested by the constitutions of New Jersey and the United States, and the repealing statute did not divest plaintiff of his said rights." The foregoing statement refers to the defendant's answer to the particular allegations of the complaint and not to the several separate defenses all of which are specifically attacked in the later paragraphs of the notice. Therefore, the notice is not invalid.

Although a pleading cannot be both sham and frivolous at one and the same time, *Holdman* v. *Tansey*, 107 *N. J. L.* 378, 379; 151 *Atl. Rep.* 873, 874; *National Surety Co.* v. *Mulligan*, 105 *N. J. L.* 336, 338; 146 *Atl. Rep.* 372; but can be either sham or frivolous, parts of the pleading may be sham and other parts may be frivolous.

The fact that the notice to strike out an answer was based upon the ground that the answer was sham *and* frivolous does not prevent its being struck out on the ground that it was frivolous. *Fidelity Mutual Life Insurance Co.* v. *Wilkes-Barre and Hazelton Railroad Co.*, 98 *N. J. L.* 507, 510; 120 *Atl. Rep.* 734, 735.

The fact that an answer was stricken out as sham and not, as it should have been, as frivolous, is not cause for reversal. *Sculthorpe* v. *Commonwealth Casualty Co.*, 98 *N. J. L.* 845, 848; 121 *Atl. Rep.* 751, 752.

The first separate defense alleges that there are no funds appropriated to the use of the Hudson County Board of Taxation which could or can be applied to the uses and purposes set forth in the complaint.

*R. S.* 52:17–9, now repealed, which was in full force and effect when plaintiff was appointed to represent the Hudson County Board of Taxation and remained so till after the completion of his services, provided in part: "The compensa-

tion of the special counsel, together with the necessary traveling or other expenses, shall be paid out of the funds appropriated to the use of such state board, commission, body or official." The affidavit of Charles Kappas presented by the attorneys for the defendant shows that there was appropriated for the use of the Hudson County Board of Taxation in the 1944 budget a total sum of $49,000. If it be a fact that this amount will be inadequate to meet all the obligations for 1944, it cannot defeat the plaintiff's right of recovery if his claim is otherwise valid. If the plaintiff's claim was not foreseen at the time of the adoption of the budget or if adequate provision was not made in the budget for this purpose, an emergency appropriation might be made after judgment is entered, *R. S.* 40:2–31; *N. J. S. A.* 40:2–31. Whether an emergency appropriation is made or not, the amount will have to be provided in next year's budget, *R. S.* 40:2–31 and *R. S.* 40:2–21 (*e*), (*f*); *N. J. S. A.* 40:2–31 and *N. J. S. A.* 40:2–21 (*e*), (*f*). In either event the lack of an appropriation will not defeat the plaintiff's right of recovery in this suit. Therefore, this separate defense is frivolous and will be stricken.

The second, third, fourth and fifth separate defenses will be considered together. They allege that the attorney-general had no jurisdiction and no power to appoint the plaintiff as counsel and as special assistant attorney-general to represent the Hudson County Board of Taxation. His jurisdiction and power were derived from *R. S.* 52:17–9, now repealed, which provided in part: "The attorney-general may, upon the request of any state board, commission, body or official heretofore or hereafter created, appoint special counsel to represent them in his name, either in an advisory capacity or in suits, actions and proceedings of any kind that may be brought by, for or against them, and in conjunction with such state board, commission, body or official, fix the compensation of such special counsel."

In order to determine whether this statute is applicable it is necessary first to inquire whether the Hudson County Board of Taxation is a state board.

The Hudson County Board of Taxation was created by *R. S.* 54:3–1; *N. J. S. A.* 54:3–1, which continued the several county boards of taxation created and established, &c., by

*Pamph. L.* 1906, *ch.* 120, *p.* 210. The latter statute is a supplement to an earlier one entitled "An act for the assessment and collection of taxes" approved April 8th, 1903 (*Pamph. L.* 1903, *ch.* 208, *p.* 394) and established county boards of taxation as a part of the taxing system of the state and directed them to "secure the taxation of all property in the various counties of this state at its true value, in order that all property, except such as shall be exempt by law, shall bear its full, equal and just share of taxes." *Pamph. L.* 1906, *ch.* 120, *p.* 211, ¶ 2; *R. S.* 54:3–13; *N. J. S. A.* 54:3–13. Obviously, this duty, imposed upon county boards of taxation, is not only for the benefit of the county in which the board serves but also for the entire state. The proper performance of its duties concerns every property owner in the state, for if any county board fails in its duty as outlined in the statute it would cast an unjust burden of taxation on owners of property in every other county.

The statute among other things provides for the appointment of members of county boards by the Governor by and with the advice and consent of the Senate, *Pamph. L.* 1906, *ch.* 120, *p.* 210, ¶ 1; *R. S.* 54:3–2; *N. J. S. A.* 54:3–2. It also provides that the salaries of the members of the boards shall be paid by the treasurer of the State of New Jersey upon warrants drawn by the comptroller. *Pamph. L.* 1906, *ch.* 120, *p.* 211; *R. S.* 54:3–6; *N. J. S. A.* 54:3–6. The statute further provides for dismissal of a member of a county board of taxation by the Governor and appointment of a successor by the Governor in case of willful or intentional failure to comply with the constitution and laws of this state relating to the assessment and collection of taxes. *Pamph. L.* 1906, *ch.* 120, *p.* 217, ¶ 12; *R. S.* 54:3–28; *N. J. S. A.* 54:3–28. All of the foregoing provisions indicate that a county board of taxation is a part of the general system of taxation of the entire state and, therefore, is a state board.

The following are some of the cases in which certain officers and boards, although their duties are restricted to a particular area of the state, usually a county, like the Hudson County Board of Taxation, have been held to be state officers or state agencies: *Karp* v. *High Point Park Commission,* 131 *N. J. Eq.* 249; 24 *Atl. Rep.* (2d) 860 (involving a park board governing a section of Sussex County); *State, ex rel. Police*

*Commissioners of Jersey City* v. *Pritchard,* 36 *N. J. L.* 101, 118 (relating to a board of police commissioners) ; *State* v. *Jefferson,* 90 *Id.* 507; 101 *Atl. Rep.* 569 (county prosecutor) ; *Goldberger* v. *City of Perth Amboy,* 16 *N. J. Mis. R.* 84; 197 *Atl. Rep.* 267 (District Court judge) ; *Wilson* v. *District Court,* 93 *N. J. L.* 103; 107 *Atl. Rep.* 589; *affirmed,* 95 *N. J. L.* 265; 111 *Atl. Rep.* 927 (District Court clerk).

In application of Hudson County Board of Taxation, 128 *N. J. L.* 574; 27 *Atl. Rep.* (*2d*) 643, 647, Mr. Justice Bodine referred to the members of this board as "the duly commissioned officers of the state" and as "those who hold the state's warrant of office."

The affidavit of Leo Rosenblum, which is undisputed by the affidavits submitted on behalf of the defendant, states that all the members of the Hudson County Board of Taxation requested of the Governor of the State of New Jersey the aid of a law officer of the state to enable the said board of taxation to obtain possession of the offices and records of said board; that the Governor then requested the Attorney-General of the State of New Jersey to appoint a special assistant as special counsel to said board. This in my opinion was a sufficient request of said board.

Defendant's attorney, however, lays stress upon the fact that no formal resolution was adopted and made a part of its minutes by the Hudson County Board of Taxation requesting the attorney-general to appoint special counsel to represent them. The statute does not specifically require that the request be made by a formal resolution. If it did, the absence of such a resolution in this case was cured by the later formal resolutions adopted May 15th, 1944, by the board when the amounts of compensation and expenses were fixed. *Frank* v. *Board of Education of Jersey City,* 90 *N. J. L.* 273; 100 *Atl. Rep.* 211; *Mercer County* v. *Tobish,* 97 *N. J. L.* 439; 117 *Atl. Rep.* 392; *Ballagh Realty Co., Inc.,* v. *Borough of Dumont,* 111 *N. J. L.* 32; 166 *Atl. Rep.* 491; *Potter* v. *Borough of Metuchen,* 108 *N. J. L.* 447; 155 *Atl. Rep.* 369; *Smathers* v. *Board of Chosen Freeholders of Atlantic County,* 113 *N. J. L.* 281; 174 *Atl. Rep.* 336.

The attorney-general, upon the request of this state board, had the power and jurisdiction, under *R. S.* 52:17–9, to

appoint plaintiff his assistant to act as special counsel and hence separate defenses 2, 3, 4 and 5 are sham and will be stricken.

The sixth separate defense alleges that the services rendered by the plaintiff, if any there were, were not completed within the time prescribed by the statute in such cases made and provided. Evidently the defendant, in pleading this defense, refers to the last sentence in *R. S.* 52:17-9 which provides "The appointment shall continue during the pleasure of the attorney-general making the appointment, but in no case to extend beyond the term for which said attorney-general is commissioned." The affidavit of Leo Rosenblum, which is undisputed, annexed to plaintiff's notice of motion to strike the answer, shows that plaintiff's services were completed on August 5th, 1942, when the peremptory writ of *mandamus* was allowed and copies of it served by the plaintiff upon the several persons affected by it. At the time when these services were completed, August 5th, 1942, the term of the attorney-general making the appointment had not expired. Therefore, the sixth separate defense is sham and will be stricken.

The seventh separate defense alleges that the attorney-general and the Hudson County Board of Taxation, in conjunction with each other, did not fix the compensation of the plaintiff for the services allegedly rendered by him, if any there were, in accordance with the terms and conditions in the statutes. The affidavits of Leo Rosenblum, Michael V. Donovan and John Warren contain facts which are undisputed by the affidavits submitted by the defendant, showing that Attorney-General Walter D. Van Riper, who succeeded Attorney-General David T. Wilentz, in conjunction with the Hudson County Board of Taxation fixed the compensation of the plaintiff. Hence the seventh separate defense is sham and will be stricken.

The eighth separate defense has been covered by me in considering the second, third, fourth and fifth separate defenses when I pointed out that the members of the Hudson County Board of Taxation requested of the Governor of the State of New Jersey to appoint a special assistant as special the Governor then requested the Attorney-General of the

State of New Jersey to appoint a special assistant as special counsel to said board. This in my opinion was a sufficient request of said board. Hence this defense is sham and will be stricken.

The ninth separate defense was covered above in passing upon the seventh separate defense and for the same reason is sham and will be stricken.

The tenth separate defense alleges that the attorney-general, who allegedly fixed the compensation of the plaintiff, in conjunction with the Hudson County Board of Taxation, had no power so to do. The defendant bases his argument to sustain this defense upon the part of the statute which states (*R. S.* 52:17–9): "The appointment shall continue during the pleasure of the attorney-general making the appointment, but in no case to extend beyond the term for which said attorney-general is commissioned." This obviously applies only to the appointment and the term for which it is to continue but does not affect the obligation to compensate the appointee for services rendered by him and completed during that term. The object of such a provision in the statute can be easily understood for, without it, an attorney-general whose term was about to expire might appoint persons whom his successor either did not know or did not approve of but would have to accept and be responsible for, even though he did not select or appoint them. The appointment and continuance in office of the appointee might properly be personal to the attorney-general who has a certain responsibility as to the conduct of the appointee but the matter of compensation to be fixed may very properly be done by an attorney-general who did not make the appointment but whose training and experience enable him to determine the proper amount of compensation for the services rendered after he has been informed of the nature and extent of the services. In my opinion the statute does not restrict the fixing of the compensation exclusively by the attorney-general who makes the appointment but such compensation may be fixed either by him or by his successor. Otherwise the death, resignation, disability or failure of the attorney-general making the appointment would deprive one entitled to compensation for services rendered from recovering for same.

In this case the services had been completely performed by the plaintiff before the term of Attorney-General Wilentz expired and before the repeal of *R. S.* 52:17–9. (See the affidavit of Leo Rosenblum, which is not disputed.) The only thing remaining to be done at the time of the repeal of that statute was the fixing of the compensation. There was no question as to the plaintiff's right to compensation for the services already entirely completed. This right was a vested right of which the plaintiff could not be deprived. *James* v. *DuBois,* 16 *N. J. L.* 285; *Town of Belvidere* v. *Warren Railroad Co.,* 34 *Id.* 193; *O'Neil* v. *Mayor, &c., of City of Hoboken,* 73 *Id.* 189; 63 *Atl. Rep.* 986; *R. S.* 1:1–15; *N. J. S. A.* 1:1–15.

*R. S.* 1:1–15; *N. J. S. A.* 1:1–15 provides: "No offense committed, and no liability, penalty or forfeiture, either civil or criminal, incurred, previous to the time of the repeal or alteration of any act or part of any act, by the enactment of the Revised Statute or by any act heretofore or hereafter enacted, shall be discharged, released or affected by the repeal or alteration of the statute under which such offense, liability, penalty or forfeiture was incurred, unless it is expressly declared in the act by which such repeal or alteration is effectuated, that an offense, liability, penalty or forfeiture already committed or incurred shall be thereby discharged, released or affected; and indictments, prosecutions and actions for such offenses, liabilities, penalties or forfeitures already committed or incurred shall be commenced or continued and be proceeded with in all respects as if the act or part of an act had not been repealed or altered, except that when the Revised Statutes, or other act by which such repeal or alteration is effectuated, shall relate to mere matters of practice or mode of procedure, the proceedings had thereafter on the indictment or in the prosecution for such offenses, liabilities, penalties or forfeitures shall be in such respects as far as is practicable, in accordance with the provisions of the Revised Statutes or such subsequent act."

In view of the cases cited and statute *R. S.* 1:1–15, the repeal of *R. S.* 52:17–9 by *R. S.* 52:17A–20; *N. J. S. A.* 52:17A–20, the civil liability incurred in favor of the plaintiff has not been discharged, released or affected and this

action for such liability already incurred may be commenced or continued and be proceeded with in all respects as if the act (*R. S.* 52:17–9) had not been repealed. This separate defense is, therefore, sham and will be stricken.

The eleventh separate defense has been considered in the discussion of the tenth defense. It is conceded that the appointment of the plaintiff as special counsel terminated under *R. S.* 52:17–9 at the expiration of the term of the attorney-general making the appointment but, for the reasons stated in reference to the tenth defense, this will not defeat the plaintiff's right to recover for services rendered before the expiration of that term. This defense is frivolous and will, therefore, be stricken.

What has been stated concerning the tenth separate defense applies to the twelfth separate defense. Consequently, this separate defense will be stricken as sham.

The thirteenth separate defense will be stricken as sham for the reasons stated for striking the second, third, fourth and fifth defenses.

The fourteenth separate defense is frivolous. It states that the alleged services rendered by the plaintiff, if any, were rendered to a state board, commission, body or official and that compensation therefor is not a proper charge against the County of Hudson. *R. S.* 52:17–9 reads, in part: "The compensation of the special counsel, together with the necessary traveling or other expenses, shall be paid out of the funds appropriated to the use of such state board, commission, body or official." The state is obligated under *R. S.* 54:3–6 to pay the salaries of the members of the several county boards of taxation according to a salary schedule dependent upon the population of the respective counties. This is the only financial obligation imposed by statute upon the state with respect to county boards of taxation. To pay these salaries the state each year appropriates the necessary moneys. The funds created by such an appropriation cannot be said to be "funds appropriated to the use of such state board." They are appropriated to pay the individual salaries of the members of the board and not for any purpose which can be described as being to the use of such state board. Funds appropriated to the use of such state board mean funds appropriated which such

state board may use to carry on the functions of the board. Funds appropriated for the salaries of the members individually are funds payable to such members individually for their own personal private use and not for the use of such members as a board.

The only statutes which authorize and direct the payment of necessary costs and expenses for the functioning of county boards of taxation are: (1) *R. S.* 54:3–8; *N. J. S. A.* 54:3–8 which directs that the salary of the secretary and compensation to its other clerical assistants shall be paid by the county treasurer on warrants approved by the president of the board; (2) *R. S.* 54:3–29; *N. J. S. A.* 54:3–29 which directs that "the board of chosen freeholders of each county shall provide and furnish suitable offices for the transaction of the business of the county board of taxation, and also provide a proper place for keeping safely the tax duplicates and papers of the board and shall supply such books, stationery, fuel and supplies as may be necessary; (3) *R. S.* 54:3–30; *N. J. S. A.* 54:3–30 which directs that "In counties having more than five hundred thousand inhabitants the board of chosen freeholders shall provide the county board of taxation with permanent offices for the transaction of its business and the preservation of its records. * * *"; and (4) *R. S.* 54:3–31; *N. J. S. A.* 54:3–31 which directs that "the board of chosen freeholders shall defray the actual traveling expenses of the members and secretary of the county board of taxation and shall pay the bills therefor when attested by the president and secretary thereof."

All of the funds necessary to pay for the salary, compensation, providing and furnishing suitable offices, providing a proper place for keeping safely the tax duplicates and papers, and supplying necessary books, stationery, fuel and supplies, as directed to be paid by the aforesaid statutory provisions, are funds appropriated to the use of the county board of taxation. These are the only funds provided by statute to be appropriated to the use of the county board of taxation. Hence it must have been these funds out of which the legislature intended in *R. S.* 52:17–9 the compensation of the special counsel together with the necessary traveling or other expenses, shall be paid.

The affidavit of Charles Kappas, submitted on behalf of the defendant shows that the County of Hudson appropriated funds for the use of the Hudson County Board of Taxation in the 1944 budget amounting altogether to $49,000. These funds are chargeable with the payment of plaintiff's compensation and costs. If the funds are not presently sufficient to pay plaintiff's claim, the necessary amount can be provided through the means hereinbefore stated after judgment has been entered.

The fifteenth separate defense is frivolous for the reasons stated in my discussion of the first separate defense. The affidavits of Michael V. Donovan, submitted by the plaintiff, and Charles Kappas, submitted by the defendant, state that there are sufficient funds on hand in the budget appropriation of 1944 to pay plaintiff's claim. If by this defense it is meant that these funds are insufficient to pay both plaintiff's claim and the permanent employees of the Hudson County Board of Taxation for their salaries for the balance of the year 1944, this will not defeat plaintiff's right to recover a judgment. The defendant has the legal means after recovery of judgment by the plaintiff to procure the funds to pay the judgment.

The sixteenth separate defense is sham. The affidavits of Leo Rosenblum, Michael V. Donovan and John Warren state sufficient facts, which are not disputed by the affidavits submitted on behalf of the defendant, to prove that the amount for which plaintiff sues is due and owing from the defendant to the plaintiff. Defendant's affidavits state that no formal resolution was adopted by the Hudson County Board of Taxation requesting the attorney-general to appoint the plaintiff as special counsel but that a formal resolution was adopted by said board authorizing the president of the board to have prepared a proper testimonial under the official seal of the board and subscribed by its members evidencing the gratitude and appreciation of the board and its members to the plaintiff for the plaintiff's splendid service which resolution stated "that Judge Warren rendered such outstanding legal service without compensation."

As to the necessity of a formal resolution to be adopted by the county tax board requesting the appointment of the plaintiff as its special counsel, I have decided this adversely to the

defendant in passing upon the second, third, fourth and fifth separate defenses. In addition to the reasons stated, the adoption or failure to adopt such a resolution cannot be inquired into in this suit. The plaintiff's right of recovery is governed by *R. S.* 52 :17–9 which provides in part that "The attorney-general may \* \* \* appoint \* \* \* and in conjunction with such state board, \* \* \*, fix the compensation of such special counsel." The affidavits filed on behalf of the plaintiff, which are undisputed as to the facts stated therein, leave no doubt that the plaintiff performed the services as special counsel to the Hudson County Board of Taxation as alleged in the complaint; the procedure for fixing the compensation as outlined in the statute was followed. The action of the attorney-general in conjunction with the Hudson County Board of Taxation in fixing the compensation is conclusive and upon the presentation of the claim therefor, the board of chosen freeholders of the County of Hudson should have paid the same. *State, ex rel. Lindabury* v. *Board of Chosen Freeholders, County of Ocean,* 47 *N. J. L.* 417; 1 *Atl. Rep.* 701; *Van Emburgh* v. *Freeholders of Bergen,* 87 *N. J. L.* 637; 94 *Atl. Rep.* 586.

Defendant contends that the resolution adopted by the Hudson County Board of Taxation authorizing the preparation of a testimonial for the plaintiff is evidential to prove that plaintiff's services were rendered without expectation of compensation. This resolution was adopted by the board in the absence of the plaintiff and is not binding on him. At best it is a self serving declaration. It is not evidential of the facts contained in it any more than a letter written by one person to another not in the course of correspondence is an admission by the person receiving the letter of the truth of the facts stated in the letter. *State (Hand, Prosecutor)* v. *Howell,* 61 *N. J. L.* 142; 38 *Atl. Rep.* 748; *affirmed,* 61 *N. J. L.* 694; 43 *Atl. Rep.* 1098; *State* v. *MacFarland,* 83 *N. J. L.* 474; 83 *Atl. Rep.* 993; *Fritz* v. *Pennsylvania Fire Insurance Co.,* 85 *N. J. L.* 171; 88 *Atl. Rep.* 1065; *Fenning Dornbusch & Co.* v. *Greenfield,* 107 *N. J. L.* 272; 153 *Atl. Rep.* 576; *Cartan* v. *Cartan,* 93 *N. J. Eq.* 175, 181; 115 *Atl. Rep.* 353.

An order striking the answer in its entirety may be presented.