65 N.J. Super. 213 (1961)
167 A.2d 221
GEORGE GODFREY, PLAINTIFF,
v.
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX, THOMAS F. McGANN, CHIEF PROBATION OFFICER OF THE COUNTY OF ESSEX, ESSEX COUNTY PROBATION DEPARTMENT, HARRY LERNER, TREASURER OF THE COUNTY OF ESSEX, JOHN A. KERVICK, TREASURER OF THE STATE OF NEW JERSEY AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 12, 1961.
*214 Messrs. Hein, Smith & Mooney (Mr. Bernard T. Hein, appearing), attorneys for plaintiff.
Mr. Nicholas T. Fernicola, attorney for defendants Board of Chosen Freeholders of the County of Essex and Harry Lerner, Treasurer of the County of Essex.
Mr. David D. Furman, Attorney General of New Jersey (Miss June Strelecki appearing), attorney for defendants Thomas F. McGann, Chief Probation Officer of the County of Essex, Essex County Probation Department, John A. Kervick, Treasurer of the State of New Jersey, and The State of New Jersey.
MASUCCI, J.C.C. (temporarily assigned).
The facts are undisputed. The sole question presented is whether the defendant, the State of New Jersey, or the defendant, the County of Essex, is liable to plaintiff for the sums paid by William Cash in restitution to the Essex County Probation Department. This money is now missing. It is not questioned that these sums belong to plaintiff.
The Essex County Probation Department springs from the legislative authority contained in N.J.S. 2A:168-1 et seq. Contained therein is the mandate that the department function under the direction, supervision and control of the County Court.
The association that the county freeholders have with the probation department is purely an administrative one, concerned solely with the payment of salaries and the auditing of accounts. The freeholders are given an opportunity to be heard on these matters, but the judges of the County Court are the ultimate arbiters thereof. See Carrick v. Board of Chosen Freeholders of Hudson County, 126 N.J.L. 181 (Sup. Ct. 1941).
The status of the County Court as an arm of the state judiciary springs from no less an authority than the New Jersey Constitution of 1947, Art. VI, Sec. I, wherein it is *215 stated: "The judicial power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction." (Italics supplied.) Therefore, the conclusion appears to be inescapable that the County Court is an arm of the state judiciary. Hence, a county probation department which, by statute, must function under the sole direction, supervision and control of the County Court, is likewise a state rather than a county subdivision. A county, by its freeholders, is an arm of government quite different than that in which the probation department has its place. One is an administrative agency of the State over territory assigned to it, and the other is, as illustrated, an arm of the judicial power of the State. State ex rel. Pierson v. O'Connor, 54 N.J.L. 36 (Sup. Ct. 1891); Varbalow v. Civil Service Comm., 15 N.J. Misc. 444 (Sup. Ct. 1937).
Therefore, I declare and adjudge that pursuant to the prayer in the fourth count of plaintiff's complaint the Essex County Probation Department is a department, division or agency of the defendant State of New Jersey, and that Thomas F. McGann, Chief Probation Officer, and Frank A. Zazzaro, Cashier, respectively, of the Essex County Probation Department are servants, agents and employees of the defendant State of New Jersey.
It should be noted that there is a stipulation by both defendants, the Board of Freeholders and the State of New Jersey, that more than sufficient monies are available at this time to meet the demand in the within action, said monies representing reimbursement of both defendants by certain bonding companies.
It being further stipulated that defendant State of New Jersey may at this time interpose the defense of sovereign immunity, let us proceed to examine it briefly.
It is well settled in New Jersey that the doctrine of sovereign immunity does not bar an action instituted to compel exercise of an administrative duty by a state agent or employee. Bruder v. Teachers' Pension & Annuity Fund, 27 N.J. 266 (1958), citing Jersey City v. Zink, 133 N.J.L. *216 437 (E. & A. 1945), and other cases. "And it makes no difference in this regard, that the duty is the payment of money." Bruder, supra, 27 N.J., at page 271. In the instant cause there is no burdening of the State through any finding of liability. Rather, the State through its agent or servant is merely being asked to turn over monies, admittedly belonging to plaintiff, which are now temporarily in the custody of the State (see stipulation referred to above). Consequently, I find no merit in the cause sub judice in the defense of sovereign immunity.
An order in accordance with the views expressed herein may be submitted.