[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
According to the complaint, in June of 1994 the plaintiffs each gave defendant Arthur Bristol a dollar for the purposes of purchasing Lotto tickets for a drawing to be held on June 21, 1994. Plaintiffs allege that it was agreed that in the event that their collective purchase included a winning ticket or tickets, they would share equally in the proceeds. One of the tickets purchased by defendant Bristol was a winning ticket entitling the winners to over five million in the event that their collective purchase included a winning ticket or tickets, they would share equally in the proceeds. One of the tickets purchased by defendant Bristol was a winning ticket entitling the winners to over five million dollars payable in annual installments over twenty years. A dispute has arisen between the plaintiffs and defendant Bristol as to which persons are entitled to the fund.
In the first count the plaintiffs have named the State of Connecticut and Bristol by way of an interpleader action. In that regard their claim for relief requests "an interlocutory judgment of interpleader to enter: (a) requiring the plaintiffs and defendant Bristol to interplead their claim to the funds now in the hands of the defendant state of Connecticut; and (b) that upon payment of the funds, as they become due, by the defendant State to such person as the Court may order, that the State be discharged of all liabilities to such claimants with reference thereto."
The State has moved to dismiss the action as to it because this action is against the Sovereign State of Connecticut which has not expressly consented to or authorized this action. Specifically, the State claims that the lottery funds are not subject to garnishment, and it points out that the reason for CT Page 4883 this premise is that public officers having money in their hands to which certain individuals are entitled should not be held liable to the creditors of those individuals. Herzig v. Herrigan,34 Conn. App. 816 (1994); Morgan v. Schmid, 27 Conn. Sup. 481.
While the court is aware that lottery funds are not subject to garnishment, this is not a case which is seeking garnishment. It is an equitable action in which the plaintiffs are seeking a determination of the rightful owners to the property being held by the State. Our Supreme Court has stated that the State cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief. Krozser v. New Haven, 212 Conn. 415, 421. "We have excepted declaratory and injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." Doe v. Heintz. 204 Conn. 17, 31.
This action of interpleader does not seriously interfere with any governmental function, nor does it impose any fiscal burden on the state. In an action for interpleader the State, as the stakeholder of the disputed funds, does not remain a party to the action once it has deposited the funds in accordance with a court order. General Statutes § 52-48, the interpleader statute, provides:
"Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property . . ."
The court holds that the doctrine of sovereign immunity does not apply where the State, although named as a defendant, is not an actual or interested adverse party. Glassman v. Glassman,309 N.Y. 436, 131 N.E.2d 721 (N.Y. 1956); Godfrey v. Board of ChosenFreeholders, 65 N.J. Super. 213, 167 A.2d 221 (N.J.Super.Ct. Law Div. 1961).
Defendant Bristol also moves to dismiss this action on the ground that the plaintiffs are attempting to obtain a prejudgment remedy without complying with the prejudgment remedy statutes. CT Page 4884 Gen. Stat. §§ 52-278a et seq. An action for interpleader is not an action for a prejudgment remedy. § 52-278a defines a prejudgment remedy as any attachment, foreign attachment, garnishment, or replevin. None of these remedies are involved in this interpleader action.
The Motions to Dismiss are denied.
Frances Allen State Judge Referee